IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| SHERVONNE NICKLES, | ) | Case No. 23-43441(169) |
| | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | Response Due: 03 January 2024 |

**MOTION OF THE UNITED STATES OF AMERICA, ON BEHALF OF THE INTERNAL REVENUE SERVICE, TO DISMISS CHAPTER 13 CASE**

**NOTICE OF OBLIGATION TO RESPOND:**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.**

**PURSUANT TO L.R. 9061(B), _YOU MUST FILE AND SERVE YOUR RESPONSE BY JANUARY 3, 2024_. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.**

**IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING, THE DATE OF WHICH WILL BE SENT TO YOU IF YOU FILE A RESPONSE. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**COMES NOW** the United States of America on behalf of its agency, the Internal Revenue Service ("IRS"), by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Shane K. Blank, Assistant United States Attorney for said District, and pursuant to L.R. 1017-1(D) moves to dismiss this Chapter 13 case. In support of this Motion, the IRS states as follows:

1. Debtor filed their voluntary Chapter 13 petition on September 26, 2023.

2. On October 16, 2023, the IRS filed a proof of claim in the amount of $35,222.00, later amended to $28,749.81, which included amounts for Debtor's unfiled tax returns for 2018, 2020, and 2022. See Claim Reg. 3-1; 3-3.

3. Debtor's unfiled tax returns are for a taxable period ending during the 4-year period prior to the filing of Debtor's bankruptcy petition. Pursuant to 11 U.S.C. § 1308(a), "the debtor **shall** file [] all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition" no later than "the day before the date on which the meeting of the creditors is first scheduled to be held"—in this case, October 19, 2023. (emphasis added).[1]

4. Upon the failure of Debtor to timely file their tax returns pursuant to Section 1308(a), on request of a party in interest, "the court **shall** dismiss a case or convert a case under [Chapter 13] to a case under chapter 7 of this title, whichever is in the best interest of the creditors and the estate." 11 U.S.C. § 1307(e) (emphasis added); see also In Re Jacobsen, 609 F.3d 647, 660 (5th Cir. 2010) (noting Section 1307(e) speaks in "mandatory" and "absolute" terms).

5. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 included Sections "1307(e) and 1308 to the Bankruptcy Code as an additional basis for dismissal of a Chapter 13 debtor's bankruptcy case." In Re Perry, 389 B.R. 62, 65 (Bankr. N.D. Ohio 2008). BAPCPA "expresses the Congressional intent that it is 'important to demand that debtors file returns' to assist state revenue agencies to determine whether they had claims against the debtor and 'to punish those

---

[1] Although tax year 2018 falls outside the scope of Section 1308(a), that does not mean it is of no consequence. To be sure, Section 6012 mandates that a return be filed for this year. See 26 U.S.C. 6012(a)(1)(A); see also In Re Forrester, 2017 WL 3588744 at *2-3 (Bankr. S.D. Ala. Aug. 18, 2017). Further, Debtor's failure to file a return excepts this tax year from discharge. See 11 U.S.C. § 523(a)(1)(B); cf. In Re Forrester, 2017 WL 3588744 at *3 (granting summary judgment in favor of the IRS, finding that various tax years were excepted from discharge due to Debtor's late filing of tax returns). This prolonged non-compliance with Section 6012, in the IRS's view, constitutes prejudicial conduct to a creditor under 11 U.S.C. § 1307(c)(1).

debtors who were delinquent in filing tax returns' by withholding the benefits of Chapter 13." Id. (quoting In Re French, 354 B.R. 258, 260-61 (Bankr. E.D. Wis. 2006).

6. As this Court and many others have held, Section 1307(e) leaves no discretion—dismissal is required when Section 1308 is breached by a debtor. See In Re Schaeffer, 23-41013(169), ECF #45, p. 1 (Bankr. E.D. Mo. Aug. 4, 2023) (Clair, C.J.) (granting IRS motion to dismiss where debtor failed to file tax returns); In Re Perry, 389 B.R. at 66 (concluding dismissal was warranted notwithstanding debtor's late offering of tax return and argument that no prejudice resulted, where "the plain meaning" of Section 1307(e)'s mandated such dismissal notwithstanding excuses); In Re Mohamed, 523 B.R. 287, 290 (D.D.C. 2014) (affirming bankruptcy court's decision to dismiss petition where debtor failed to prove he timely filed his tax returns under "required" language of Section 1307(e)). In fact, as the statute plainly states and appellate caselaw supports, dismissal or conversion (to Chapter 7) is an unavoidable result upon the filing of a motion under Section 1307(e). See In Re Molitor, 76 F.3d 218, 220 (8th Cir. 1996) ("To allow [Debtor] to respond to a motion to convert by voluntarily dismissing his case with impunity would render section 1307(c) a dead letter and open up the bankruptcy courts to a myriad of potential abuses. We decline to do so."); 11 U.S.C. § 1307(e) ("Upon the failure of the debtor to file a tax return . . . on request of a party in interest . . . the court **shall** dismiss a case or convert a case [] to a case under chapter 7[.]" (emphasis added)). Indeed, not even the equitable powers authorized under 11 U.S.C. § 105 could avoid this result. In Re Perry, 389 B.R. at 66 (concluding Section 105 "can only be exercised within the confines of the Bankruptcy Code," which otherwise plainly states that dismissal or conversion must result under Section 1307(e)).

7. This case has not been previously converted from another chapter.

**WHEREFORE**, the IRS respectfully asks this Court to dismiss this Chapter 13 case for Debtor's failure to file federal tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

Date: Wednesday, December 13, 2023     By:   /s/ Shane K. Blank        
                                                                                            SHANE K. BLANK, #65787MO
Assistant United States Attorney
111 S. 10th Street, 20th Floor
St. Louis, MO 63102
Telephone: (314) 539-6809
FAX: (314) 539-2287
Email: shane.blank@usdoj.gov

## **CERTIFICATE OF SERVICE**

Pursuant to L.R. 9004(D)(1) and L.R. 9013-1(A), the undersigned hereby certifies that on December 13, 2023, a copy of the foregoing was filed electronically and therefore served by operation of the Court's CM/ECF system upon all parties in interest participating in said system.

Pursuant to L.R. 9004(D)(2) and L.R. 9013-1(A), the undersigned hereby certifies that a copy of the foregoing was filed electronically on December 13, 2023, and then a copy of the foregoing was mailed, via United States Postal Service, first-class postage prepaid, or else emailed if expressly directed to do so in the relevant Request for Notice, to the following list of parties in interest who do not participate in the CM/ECF system:

| | |
|---|---|
| Shervonne Nickles<br>10 Saint George Ct.<br>Florissant, MO 63031<br>***DEBTOR*** | |

  /s/ Shane K. Blank        
SHANE K. BLANK, #65787MO
Assistant United States Attorney